## WEBBER v. BOX et al.

No. 20981. Opinion Filed June 16, 1931.

Jacob J. Jones and Francis Stuart, for plaintiff in error.

Vance & Bliss, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Cherokee county in an action wherein the plaintiff in error was plaintiff. The plaintiff in error has served and filed his brief in this cause as required by the rules of this court. The defendants in error have failed to file any brief or offer any excuse for their failure to do so. We have examined the brief of plaintiff in error, and the assignments of error are reasonably supported by the authorities cited therein. Under the oft-repeated holding of this court, we are not required to brief a cause on behalf of defendant in error, or to search the record to find some reason why the judgment should be sustained. Home State Bank v. Oklahoma State Bank, 51 Okla. 368, 151 Pac. 1044; Love Motor Co. v. Croskell, 141 Okla. 139, 284 Pac. 297. The judgment of the trial court is reversed and the cause remanded for a new trial.

## LANGLEY v. GODDARD et al.

No. 20988. Opinion Filed June 16, 1931.

Twyford & Smith, G. D. Gibbs, and Leo G. Mann, for plaintiff in error.

W. W. Calhoun and Roy Harris, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Wagoner county in an action wherein plaintiff in error was plaintiff. Plaintiff in error in due time served and filed their brief in full compliance with the rules of this court, but the defendants in error have wholly failed to file any brief, or to otherwise appear in this court on the merits of the cause, nor have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief, nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481.

In this case the petition in error prays that this cause be reversed, directing the court below to vacate its former judgment and enter judgment for the plaintiff, and we find, upon examination, the authorities cited by plaintiff in error reasonably support the contention of plaintiff, and we therefore reverse the judgment of the lower court, and direct it to vacate its order vacating the former judgment and enter an order sustaining the demurrer to the motion to vacate the judgment in said cause.